PIERCE (GILLET v.).　See Case No. 5,437.
PIERCE (INDSETH v.).　See Case No. 7,026.
PIERCE (JENNINGS v.).　See Case No. 7,-283.

## Case No. 11,144.

### PIERCE v. LANG.

[1 Lowell, 65.] [1]

District Court, D. Massachusetts.　April, 1866.

COLLISION—VESSEL AT ANCHOR—PRESUMPTION AS TO FAULT—LOCAL PORT REGULATIONS—MOVING VESSELS AT DOCK—NOTICE TO WHARFINGER.

1. When a moving vessel comes in collision, in the daytime and calm weather, with one that is moored in a fit place and manner, the presumption is that the former is in fault.
[Cited in The Echo, 19 Fed. 454.]

2. There is no rule of law, and appears to be no regulation of the harbor of Boston, which requires a vessel, lying wholly inside a dock, to have her yards braced up or cockbilled.

3. It appears to be usual for the master or person in charge of a vessel, which is to be moved near other vessels lying in the same dock, to give notice to the wharfinger who will see to it that all necessary precautions are taken by such other vessels.

4. Where a steamer was warped out of a dock in Boston, and came in collision with and damaged another vessel moored in the dock, and the steamer's men gave no notice to the shipkeeper of the injured vessel, nor to the wharfinger, before moving her: Held, the steamer was alone in fault, although the other vessel had her yards squared, and the collision was occasioned by this state of the yards.

Libel by [J. G. Pierce and others] the owners of the brig Transit against [J. H. B. Lang and others], the owners of the steamer Oriental, for damage. The brig was lying at the head of the dock at Bartlett's wharf, in Boston, and the steamer in the corresponding position on the opposite side of the dock. The persons in charge of the steamer undertook to warp her down towards the harbor, and, while carrying out this operation, her foreyard came in contact with and carried away the brig's maintopsail yard, and scraped her hull. The defence was, that the brig should have had her yards braced up fore and aft, or cockbilled. The evidence tended to show, that an ordinance of the city of Boston requires vessels, lying at the end of a wharf, which abuts on the channel, to keep their yards cockbilled and their jib-booms rigged in; but that, when they were lying wholly within a dock, they were, by usage, subject to the orders of the wharfinger, and that it was usual, at this wharf and many others, for vessels about to be moved to give notice to the wharfinger. No such notice was proved in this case, nor was it shown that any hail or other communication was had with the libellant's shipkeeper.

J. C. Dodge, for libellants.
J. F. Barrett, for respondents.

LOWELL, District Judge. Upon the facts proved in this case, I must hold the steamer solely responsible for this collision. First, because the fact of a moving vessel, coming

---

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

in contact in the daytime and calm weather with one lying at her dock, affords a presumption of negligence on the part of the former. Secondly, because it appears affirmatively, that the agents of the respondents neglected to give notice to the wharfinger and to the libellants' shipkeeper, or either of them, and gave no warning of any kind. Thirdly, the respondents are not shown to have neglected any usual and proper precaution in the mode of mooring and keeping their vessel. The ordinance does not seem to apply to ships lying wholly within a dock, and no usage is proved which regulates the subject.

Damage pronounced for.